# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 19-CV-1801 (RJD) (RER)
_____

CALVIN COVINGTON,

Plaintiff,

VERSUS

UNITED STATES OF AMERICA

Defendant.

_____

**Report & Recommendation**
May 28, 2021

_____

TO THE HONORABLE RAYMOND J. DEARIE
SENIOR UNITED STATES DISTRICT JUDGE

RAMON E. REYES, JR., U.S.M.J.:

On March 29, 2019, Calvin Covington ("Plaintiff") commenced this action pursuant to

28 U.S.C. § 2671 *et seq*. ("The Federal Tort Claims Act") against the United States of America

("Defendant") alleging that Dr. John Steven Auricchio, DPM ("Auricchio"), a podiatrist, acted

negligently and failed to treat his medical condition. (Dkt. No. 1 ("Compl.") at ¶¶ 9, 21–27). The

Court warned Plaintiff that failure to appear would result in a recommendation that his case be

dismissed. (*See* Order dated 8/26/2020; Order dated 4/19/2021). Nonetheless, Plaintiff has not

appeared. (Min. Entry dated 5/26/2021, AT&T Log 1:54-2:27). Plaintiff has not contacted the

Court since proceeding *pro se* in August 2020 and the Court has no way to contact him. The statute

of limitations for Plaintiff's claim has expired. Therefore, for the reasons discussed herein, I

respectfully recommend that Defendant's Motion to Dismiss for Lack of Prosecution be granted, and Plaintiff's case be dismissed.

## BACKGROUND

At all relevant times, Auricchio was a podiatrist employed by the Peninsula Community Health Center ("the Health Center") in Bronx, New York. (Compl. ¶¶ 10–11). The Health Center is a federally supported health center eligible for coverage under the Federal Tort Claims Act. (Compl. ¶ 11); *see* 42 U.S.C. § 233 (g)–(n).

From September 22, 2016 until January 14, 2017 Plaintiff, a diabetic, sought medical treatment from Auricchio for foot ulcers. (Compl. ¶¶ 14–18). Plaintiff first presented for treatment for an ulcer on his right big toe. (*Id.* ¶ 16). However, on January 20, 2017, Plaintiff's right big toe, and two other adjoining toes, were amputated. (*Id*. ¶ 18). Plaintiff alleges that Auricchio failed to treat his medical condition and that the amputation was a result of his negligence. (*Id.* ¶24–27; 30–32).

On September 4, 2018, Plaintiff filed a federal tort claim with the Department of Health and Human Services. (Compl. ¶ 4). Plaintiff received the final determination of the administrative tort claim on December 27, 2018. (*Id.*). He filed this case on March 29, 2019. (Compl.).

On August 18, 2020, Plaintiff's counsel filed a motion to withdraw as Plaintiff's attorney, which was granted the following week. (Dkt. No. 15; Order dated 8/26/2020). The Court ordered Plaintiff to "find a new counsel or proceed *pro se*" within sixty days of the Court's Order. (Order dated 8/26/2020). It also warned Plaintiff that his failure to appear "personally or through counsel in subsequent conferences or otherwise participate in discovery" may result in this action being dismissed for failure to prosecute. (*Id.*). On August 27, 2020, Plaintiff's counsel mailed a copy of

the Order to Plaintiff's last known address. (Dkt. No 16). To date, no new counsel has appeared on behalf of Plaintiff.

On November 13, 2020, Defendant filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 17 ("Def.'s Mot.")). A copy of the motion was mailed to Plaintiff's last known address. (*Id.* at 2). On April 19, 2021, the Court ordered Defendant to appear at a telephonic show cause hearing set for May 26, 2021. (Order dated 4/19/2021). Plaintiff was warned that "if he fails to appear, the Court will recommend that the case be dismissed for failure to prosecute and comply with a Court's order." (Order dated 4/19/2021). A copy of the Order was mailed to Plaintiff's last known address. On May 4, 2021 the Order was returned to the clerk's office as undeliverable. (Dkt. No. 18). In preparation for the show cause hearing, noting that the order to show cause was returned as undeliverable, the Court called Plaintiff at his telephone number on file. No one answered and there was no option to leave a voicemail message.

On May 26, 2021, Plaintiff failed to appear at the telephonic show cause hearing. (Min. Entry dated 5/26/2021). At that hearing, the Court noted that Plaintiff's continued failure to appear warranted a recommendation of dismissal for failure to prosecute and failure to comply with a court order. (Min. Entry dated 5/26/2021, AT&T Log 1:54-2:27).

Since proceeding *pro se* nine months ago, Plaintiff has not contacted the Court or Defendant. Plaintiff has not provided his updated contact information, and the Court's multiple attempts to contact him have been unsuccessful.

### DISCUSSION

A plaintiff has a duty to advance his case diligently. *See Cruz v. Plaza Motors of Brooklyn, Inc.*, No. 16-CV-6177 (ARR) (CLP), 2018 U.S. Dist. LEXIS 5391, at *3 (E.D.N.Y. Jan. 10, 2018),

*R & R adopted by* 2018 U.S. Dist. LEXIS 82676 (May 16, 2018). Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Dealba v. Bloomingdale's Inc.*, No. 18 Civ. 7124 (AKH), 2020 U.S. Dist. LEXIS 156669 at *3 (S.D.N.Y. Aug. 28, 2020). "[T]he Second Circuit has 'recognized that a Rule 41(b) dismissal is a harsh remedy [that] is appropriate only in extreme situations.'" *Miller v. Cnty. of Nassau*, 12-CV-4466 (JS) (AYS), 2017 U.S. Dist. LEXIS 70073, at *7 (E.D.N.Y. May 5, 2017) (quoting *Sorokin v. New York County Dist. Attorney's Office*, 535 F. App'x 3, 5 (2d Cir. 2013)). "This is particularly true where a plaintiff is proceeding *pro se*." *Abreu v. Weston*, 18-CV-0186 (MAD) (ATB), 2020 U.S. Dist. LEXIS 17885, at *4 (N.D.N.Y. Feb. 3, 2020) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see, e.g.*, *McDonald v. Head Criminal Court Superior Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("*Pro se* litigants may in general deserve more lenient treatment than those represented by counsel.") Nevertheless, "[dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Consequently, courts have "repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directions." *Miller*, 2017 U.S. Dist. LEXIS 70073, at *7 (citing *Robinson v. Sposato*, 13-CV-3334 (JFB) (WDW), 2014 U.S. Dist. LEXIS 59303, at *1 (E.D.N.Y. Apr. 24, 2014)).

The Second Circuit considers five factors when weighing dismissal under Rule 41(b):

(1) the duration of plaintiff's failure . . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

4

*Lucas*, 84 F.3d at 535. Here, each of the five factors supports dismissal of this action.

The first factor considers both "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, the failure to prosecute is entirely attributable to Plaintiff. On August 26, 2020, the Court ordered Plaintiff "to find new counsel or proceed *pro se*" within sixty days of the Court's Order. (Order dated 8/26/2020). The Court warned Plaintiff that failure to appear "personally or through counsel in subsequent conferences or otherwise participate in discovery" may result in the case being dismissed for failure to prosecute. (*See id.*) Since then, Plaintiff has made no attempt whatsoever to contact the Court and has not communicated with Defendant. (*See* Def.'s Mot. at 1). Plaintiff failed to appear at the telephonic order to show cause hearing (Min. Entry dated 5/26/2021) and has not provided the Court with his updated contact information.[1] The Court has no way to contact Plaintiff, and it is unclear when, if ever, he will appear.

These failures have also been of significant duration. Courts in the Second Circuit have found delays as short as three months to be significant. *See Folk v. Barton*, No. 15 Civ. 6443 (AJN) (JCF), 2016 WL 8993874 (S.D.N.Y. Dec. 2, 2016), *R & R adopted by* 2017 WL 2191620 (May 17, 2017); *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438 (S.D.N.Y. Oct. 18, 2007). Additionally, an even shorter delay may be significant where it "function[s] as a complete block to moving th[e] litigation forward." *Kent*, 2007 WL 3085438, at *2; *see also Peart v. City*

---

[1] "It is the plaintiff's responsibility to keep the Court informed of [his] current address, and failure to do so may justify dismissal for failure to prosecute." *Altre v. Whole Foods Mkt. Grp.,* No. 20-CV-2787 (WFK) (RER), 2021 U.S. Dist. LEXIS 88107, at *5 n. 2 (E.D.N.Y. Apr. 19, 2021), *R & R adopted by* 2021 U.S. Dist. LEXIS 87116 (May 6, 2021); *see also Murray v. N.Y.C. Dep't of Corr.*, No.16-CV-0676 (AMD) (ST), 2016 U.S. Dist. LEXIS 178892, at *4 (E.D.N.Y. Dec. 23, 2016) ("Plaintiff's failure to maintain a valid address or other contact information on the docket and failure to make even a single attempt to reach out to the Court or counsel at any time during the last nine months has made prosecuting this case impossible. During this time, Plaintiff has missed multiple Court conferences and the case has not moved forward in any way.")

*of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (finding that dismissal was appropriate for a ten-day delay where Plaintiff refused to proceed and failed to comply with multiple court orders).

Here, Plaintiff has delayed this case for nine months and counting. Since Plaintiff has failed to communicate with either the Court or Defendant in any manner, the delay has functioned as a complete and indefinite block to advancing the litigation. Therefore, Plaintiff's nine-month delay weighs in favor of dismissal.

Second, the Court evaluates whether Plaintiff was notified that failure to appear would result in dismissal. *Drake*, 375 F.3d at 255. Even one warning is sufficient to warrant dismissal. *See, e.g.*, *Peart*, 992 F.2d at 462 (finding that one verbal warning to Plaintiff's Counsel was sufficient notice that Plaintiff's case may be dismissed). Here, Plaintiff was twice warned that his failure to appear for scheduled conferences would result in a recommendation that his action be dismissed. (*See* Order dated 8/26/2020; Order dated 4/19/2021). He was explicitly told that failure to appear at the May 26, 2021 conference would result in a recommendation of dismissal for failure to prosecute and comply with the Court's order.[2] Thus, the second factor weighs in favor of dismissal.

Third, the Court determines whether Defendant is prejudiced by Plaintiff's delay. *Drake*, 375 F.3d at 256. "Prejudice to defendants resulting from unreasonable delay may be presumed," but where the delay is "moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell*, 682 F.2d at 43. Put simply, the shorter or more excusable the delay, the greater the need to demonstrate actual prejudice. *Id.* and Plaintiff has made no effort to justify his absence.

---

[2] The Court recognizes that this warning was returned "undeliverable." (Dkt. No. 18). However, considering Plaintiff's obligation to keep the court informed of his current contact information, *see supra* n. 1, the notice provided to Plaintiff is sufficient to permit dismissal. *See Booker v. Suffolk Cnty. Corr. Facility*, No. 14-CV-5204 (AMD) (SJB), 2020 U.S. Dist. LEXIS 2635, at *23 (E.D.N.Y. Feb. 13, 2020) (quoting *Fairchild v. Hankins*, No. CV18-21, 2019 U.S. Dist. LEXIS 58473, at *3 (E.D.Ky. Feb. 15, 2019) ("Although the mailing of the Court's Order was returned [] as undeliverable and therefore Plaintiff did not receive this warning, such result was the product of Plaintiff's own [] failure to update his address information.").

Defendant suffered prejudice in the form of effort, time, and preparation for the scheduled conference despite Plaintiff's continued failure to appear or otherwise move the litigation forward. *See Kent*, 2007 WL 3085438, at *3 (finding that "[a]t a minimum, defendants have been prejudiced by the fact that they have expended time and resources to appear before the Court on two occasions on which neither plaintiff nor counsel [appeared] on [his] behalf."). Plaintiff has not contacted the Court since his attorney withdrew as Counsel in August 2020. No new counsel has appeared on his behalf. The Court has been unable to contact him at his address or telephone number on file. (Dkt. No. 18). This indicates that the delay may continue indefinitely, which would continue to prejudice Defendant. The third factor weighs in favor of dismissal.

Fourth, the Court balances its need to manage a busy docket against Plaintiff's right to be heard. *See Bilal v. City of New York*, No. 17-CV-4498 (NGG) (SLT), 2020 U.S. Dist. LEXIS 62013, at *6 (E.D.N.Y. Apr. 8, 2020), *R & R adopted by* 2020 U.S. Dist. LEXIS 62012 (Apr. 8, 2020). Courts in the Second Circuit have found that the need to manage docket "congestion outweigh[s] plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio*, No. 11 Civ. 1506 (CM) (KNF), 2014 U.S. Dist. LEXIS 13167, at *10 (S.D.N.Y. Jan. 29, 2014) (collecting cases). Here, since proceeding *pro se*, Plaintiff has never communicated with the Court or Defendant, despite being warned that his case would be dismissed should he fail to appear. (*See* Order dated 8/26/2020; Order dated 4/19/2021; Def.'s Mem. at 1). Further, the Court's effort to contact Plaintiff has proved futile, and the Court cannot speculate if Plaintiff will one day appear. Therefore, the fourth factor weighs in favor of dismissal.

Lastly, the Court considers the efficacy of sanctions less severe than dismissal. Plaintiff's failure to appear despite being warned that his case would be dismissed is evidence that lesser

sanctions will not be effective. *See Kent*, 2007 WL 3085438, at *3 (finding that "no lesser sanctions would suffice" where plaintiff failed to appear or to obtain new counsel); *Europacific Asset Mgmt. Corp.*, 233 F.R.D. 344, 355 (S.D.N.Y. 2005) (holding that dismissal is appropriate where warnings have failed to motivate Plaintiff to "change his ways"). Plaintiff "has shown little interest in prosecuting this case," *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013), and it "is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davision v. Grillo*, No. 05-CV-4960 (NG) (LB), 2006 U.S. Dist. LEXIS 99587, at *6–7 (E.D.N.Y. June 27, 2006), *R & R adopted by* 2006 U.S. Dist. LEXIS 99585 (Aug. 3, 2006). Therefore, the fifth factor weighs in favor of dismissal.

The Court acknowledges that the two-year statute of limitations provided by the Federal Tort Claims Act has expired and, therefore, dismissing this case for failure to prosecute will bar Plaintiff's claims against Defendant. However, "no remedy other than dismissal makes sense." *Dong v. United States*, No. 02 Civ. 7751 (SAS), 2004 U.S. Dist. LEXIS 3125, at *9 (S.D.N.Y. Mar. 1, 2004) (noting that no remedy other than dismissal was appropriate because the court had "no way to reach" the plaintiff). "Plaintiff's disappearance, and the court's corresponding inability to communicate with [him] in any way, renders any lesser sanctions entirely futile." *Robinson v. United States*, No. 03 Civ. 1001 (SCR), 2005 U.S. Dist. LEXIS 27754, at *6 (S.D.N.Y. Sept. 8, 2005) (dismissing a case under the Federal Torts Claim Act for failure to prosecute after the statute of limitations had expired because the plaintiff failed to appear after proceeding *pro se*, and the Court had no way to contact plaintiff after mail to him was returned as undeliverable). In short, because Plaintiff has made no attempt to communicate with the Court or opposing counsel in over

nine months, the Court cannot keep this case open in hopes Plaintiff may one day return just to prevent the statute of limitations from expiring.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Raymond J. Dearie within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: May 28, 2021
Brooklyn, New York